# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4097

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Douglas J. Shumny, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 5, 2000

Filed:  October 13, 2000

_____

Before  McMILLIAN,  HANSEN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
Judges.

_____

PER CURIAM.

Douglas Shumny pleaded guilty to conspiring to distribute and possess with
intent to distribute methamphetamine, in violation of 21 U.S.C. § 846.  The district
court[1] sentenced him to 210 months imprisonment and five years supervised release,
and Mr. Shumny appeals his sentence.

_____

[1]The Honorable D. Brook Bartlett, late the Chief Judge, United States District
Court for the Western District of Missouri.

We reject Mr. Shumny's first argument, that the district court should have credited two particular witnesses' testimony and discredited two other witnesses' testimony when determining what quantity of methamphetamine to attribute to Mr. Shumny. See United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998) (clear-error standard of review), cert. denied, 525 U.S. 1165 (1999); Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (findings based on credibility determinations are virtually never clear error); United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (credibility determinations are committed squarely to domain of sentencing court and are virtually unreviewable on appeal).

We also reject Mr. Shumny's other argument, that the district court should have applied the 1995 rather than the 1998 Sentencing Guidelines. The Guidelines were amended November 1, 1997, to increase the penalties for methamphetamine offenses, and this affected Mr. Shumny's sentence. See U.S.S.G. App. C (amendment 555); United States v. Reetz, 18 F.3d 595, 597-98 (8th Cir. 1994) (if Guidelines in effect at time of sentencing are harsher than those in effect at time defendant committed offense, then earlier Guidelines must be applied to avoid violating Ex Post Facto Clause; when conspiracy began prior to effective date of new Guidelines, and was completed after effective date of new Guidelines, new Guidelines apply). Although Mr. Shumny temporarily abandoned the drug conspiracy in 1997, he resumed his involvement in 1998 by repaying a substantial portion of the debt he owed for methamphetamine fronted to him during his earlier participation in the conspiracy. See United States v. Jones, 913 F.2d 1552, 1563 (11th Cir. 1990) (drug conspiracy continued through date of last collection of drug debt); United States v. Posner, 865 F.2d 654, 659 (5th Cir. 1989) (drug conspiracy continued through negotiations to repay drug debt); accord United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000) (defendant's involvement in drug conspiracy was demonstrated by, inter alia, his carrying of debt on past drug purchases in amount suggesting more than personal-use quantities).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.